# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 24-20701-CIV-ALTONAGA/Reid

JOSHUA HOLT, *et al.*,

      Plaintiffs,

v.

NICOLAS MADURO MOROS, *et al.*,

      Defendants.

_____/

### ORDER

**THIS CAUSE** came before the Court on Motion for Alternative Service Under Rule 4(f)(3) [ECF No. 11], filed on April 19, 2024.  On February 22, 2024, Plaintiffs filed a Complaint [ECF No.1] alleging that Defendants perpetrated acts of terrorism against them, including kidnapping and torturing Plaintiffs.  (*See generally* Compl.).  On February 23, 2024, the Court issued an Order [ECF No. 8] administratively closing the case until Plaintiffs file proofs of service on all Defendants under the Hague Convention.  (*See id.*).  Plaintiffs now identify several difficulties rendering traditional service impracticable and seek permission to serve Defendants via e-mail, text message, and direct message through social media websites.  (*See generally* Mot.). For the following reasons, the Motion is granted.

Plaintiffs argue that Defendants, who are citizens and residents of Venezuela, cannot be served through conventional methods, such as the Hague Convention or the Inter-American Convention on Letters Rogatory.  (*See generally id.*).  According to Plaintiffs, Defendants are fugitives from justice that flout United States authority; Venezuela's central authority refuses to deliver service papers from the United States; and any attempt to serve Defendants in Venezuela

CASE NO. 24-20701-CIV-ALTONAGA/Reid

would expose the process server to significant risk of retaliation. (*See id.* 2–5).[1]  This case is not the first time these issues have arisen; Plaintiffs identify two other cases in this District involving terrorism claims against many of the same Defendants, and in which courts allowed alternative methods for these same reasons.  (*See* Mot. 5–7 (citing *Albán Osio v. Maduro Moros*, No. 21-Civ-20706 (S.D. Fla. 2024); *Marrón v. Maduro Moros*, No. 21-Civ-23190 (S.D. Fla. 2024)).

Federal Rule of Civil Procedure 4(f)(3) allows a district court to order an alternate method for service to be executed on foreign defendants, provided it is not prohibited by international agreement and is reasonably calculated to give notice to the defendants.  *See* Fed R. Civ. P. 4(f)(3); *see also Brookshire Bros., Ltd. v. Chiquita Brands Int'l, Inc.*, No. 05-Civ-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) ("[D]istrict courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements." (alteration added; citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003))).

Venezuela and the United States are parties to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361.  When a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service.  *Cf. Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, No. 15-20590-Civ, 2015 WL 5320947, at *3 (S.D. Fla. Sept. 14, 2015) (noting that "an objection to service through 'postal channels' does not equate to an express objection to service via electronic mail" and that "many other federal courts have permitted service by electronic mail" (citations omitted)).

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

CASE NO. 24-20701-CIV-ALTONAGA/Reid

A court acting under Rule 4(f)(3) therefore remains free to order alternative means of service where a signatory nation has not expressly objected to those means. *See Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011) (citations omitted).

Plaintiffs contend Defendants are amenable to service through alternative methods including text, email, and direct message (*see* Mot. 7–9), and they seek to serve Defendants through those methods (*see generally id.*). Service by text, e-mail, or through social media is not prohibited under international agreement in this case. Although the United States and Venezuela are parties to the Hague Convention, the Convention does not specifically prohibit service through such means. *See* Hague Convention art. 10. Venezuela has also not specifically objected to service by text, e-mail, or through social media. *See* U.S. Dep't State — Bureau Consular Affs., Venez. Jud. Assistance Country Info., https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/VenezuelaBolivarianRepublicof.html (objecting only to service as specified in Article 10, subpart a). Consequently, service by e-mail or Internet communication in this case would not violate an international agreement.

Service by text, e-mail, or through social media is also reasonably calculated to give notice to Defendants. (*See generally* Mot., Ex. 1, Lakatos Decl. [ECF No. 11-1]). Plaintiffs cite cases where courts have granted leave for a plaintiff to serve by e-mail (*see* Mot. 11), and where courts have granted leave for a plaintiff to serve by direct message through social media websites (*see id.* 11–12). They also note that another Judge in this District has permitted service via email and/or social media against many of the same Defendants. (*See* Mot. 6–7; *Marrón*, No. 21-Civ-23190, Mot. for Alternative Service . . . [ECF No. 32] filed September 2, 2022; *id.*, Order Granting Pl.'s Mot. for Alternative Service . . . [ECF No. 33] filed September 7, 2022). Plaintiffs have shown

CASE NO. 24-20701-CIV-ALTONAGA/Reid

good cause why leave should be granted to allow service of summons, the Complaint, and all filings and discovery in this matter on Defendants via text, e-mail, or through social media.

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 11]** is **GRANTED**.  Plaintiffs may serve summons, a copy of the Complaint **[ECF No. 1]**, and all other future filings and discovery in this matter upon Defendants as follows:

1.  Plaintiffs may serve the summons, Complaint, and a copy of this Order on Defendant Nicolas Maduro Moros by any one of the following: (1) his personal, non-public email, (2) a text message to his personal, non-public cell phone, (3) private direct message to his verified user account at X (formerly Twitter), or (4) private direct message on Facebook. In lieu of sending PDFs of the summons, Complaint, and this Order through text or direct messages, Plaintiffs may send Maduro links to a website that hosts copies of the respective papers.  Unless excused under Fed. R. Civ. P. 5(a)(2), Plaintiffs may serve Maduro Moros with other documents (such as discovery requests) through the same methods by which they serve the summons and Complaint.

2.  Plaintiffs may serve the summons, Complaint, and a copy of this Order on Defendant Vladimir Padrino Lopez through any one of the following: (1) his personal, non-public email, (2) a text message to his personal, non-public cell phone, or (3) private direct message on Facebook.  In lieu of sending PDFs of the summons, Complaint, and this Order through text or direct messages, Plaintiffs may send Padrino Lopez links to a website that hosts copies of the respective papers.  Unless excused under Fed. R. Civ. P. 5(a)(2), Plaintiffs may serve Padrino Lopez with other documents (such as discovery requests) through the same methods by which they serve the summons and Complaint.

CASE NO. 24-20701-CIV-ALTONAGA/Reid

3. Plaintiffs may serve the summons, Complaint, and a copy of this Order on Defendant Maikel Moreno Perez by any one of the following: (1) his personal, non-public email, (2) a text message to his personal, non-public cell phone, (3) private direct message on Facebook, or (4) his work email address.  In lieu of sending PDFs of the summons, Complaint, and this Order through text or direct messages, Plaintiffs may send Moreno Perez links to a website that hosts copies of the respective papers.  Unless excused under Fed. R. Civ. P. 5(a)(2), Plaintiffs may serve Moreno Perez with other documents (such as discovery requests) through the same methods by which they serve the summons and Complaint.

4. Plaintiffs may serve the summons, Complaint, and a copy of this Order on Defendant Nestor Reverol Torres by any one of the following: (1) his personal, non-public email, (2) a text message to his personal, non-public cell phone, (3) private direct message to his verified X account (formerly Twitter), or (4) private direct message on Facebook.  In lieu of sending PDFs of the summons, Complaint, and this Order through text or direct messages, Plaintiffs may send Reverol Torres links to a website that hosts copies of the respective papers.  Unless excused under Fed. R. Civ. P. 5(a)(2), Plaintiffs may serve Reverol Torres with other documents (such as discovery requests) through the same methods by which they serve the summons and Complaint.

5. Plaintiffs may serve the summons, Complaint, and a copy of this Order on Defendant Tarek Saab by any one of the following: (1) his personal, non-public email, (2) a text message to his personal, non-public cell phone, or (3) private direct message to his verified X account (formerly Twitter).  In lieu of sending PDFs of the summons, Complaint, and this Order through text or direct messages, Plaintiffs may send Saab links to a website that hosts

CASE NO. 24-20701-CIV-ALTONAGA/Reid

copies of the respective papers.  Unless excused under Fed. R. Civ. P. 5(a)(2), Plaintiffs may serve Saab with other documents (such as discovery requests) through the same methods by which they serve the summons and Complaint.

6.  Plaintiffs may serve the summons, Complaint, and a copy of this Order on Defendant Jorge Rodriguez Gomez by any one of the following: (1) his work email address or (2) private direct message to X (formerly Twitter) at his verified handle.  In lieu of sending PDFs of the summons, Complaint, and this Order through text or direct messages, Plaintiffs may send Rodriguez Gomez links to a website that hosts copies of the respective papers.  Unless excused under Fed. R. Civ. P. 5(a)(2), Plaintiffs may serve Rodriguez Gomez with other documents (such as discovery requests) through the same methods by which they serve the summons and Complaint.

7.  Plaintiffs may serve the summons, Complaint, and a copy of this Order on Defendant Diosdado Cabello Rondón by any one of the following: (1) his personal, non-public email or (2) his work email address.  In lieu of sending PDFs of the summons, Complaint, and this Order through text or direct messages, Plaintiffs may send Cabello Rondón links to a website that hosts copies of the respective papers.  Unless excused under Fed. R. Civ. P. 5(a)(2), Plaintiffs may serve Cabello Rondón with other documents (such as discovery requests) through the same methods by which they serve the summons and Complaint.

8.  Plaintiffs may serve the summons, Complaint, and a copy of this Order on Defendant Alex Saab Moran by any one of the following: (1) his work email address, (2) private direct message on X (formerly Twitter) at his verified handle, or (3) private direct message on Facebook. In lieu of sending PDFs of the summons, Complaint, and this Order through text or direct messages, Plaintiffs may send Saab Moran links to a website that hosts copies of

CASE NO. 24-20701-CIV-ALTONAGA/Reid

the respective papers.  Unless excused under Fed. R. Civ. P. 5(a)(2), Plaintiffs may serve

Saab Moran with other documents (such as discovery requests) through the same methods

by which they serve the summons and Complaint.

**DONE AND ORDERED** in Miami, Florida, this 26th day of April, 2024.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     counsel of record