IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 1:24-cv-20701-CMA

JOSHUA HOLT; THAMARA B. HOLT;
DEREK HOLT; ANTHONY B. JASON HOLT;
KATIE JILL HOLT; JENNA LEE NEMETH,
M.L. a minor, and N.C. a minor; and DEREK HOLT,
in his personal capacity, and as executor for Laurie Holt,

    Plaintiffs,

vs.

NICOLAS MADURO MOROS; THE CARTEL
OF THE SUNS A.K.A. CARTEL DE LOS SOLES;
VLADIMIR PADRINO LOPEZ; MAIKEL JOSE
MORENO PEREZ; NESTOR LUIS REVEROL
TORRES; TAREK WILLIAM SAAB; JORGE
JESUS RODRIGUEZ GOMEZ; DIOSDADO
CABELLO RONDÓN; and ALEX SAAB MORAN,

    Defendants.
_____/

## PLAINTIFFS' NOTICE OF JOINT LIABILITY

Plaintiffs respectfully file this Notice of Joint Liability in accordance with the Court's August 26, 2024 Order (ECF No. 41). In that Order, the Court instructed Plaintiffs to "file one of the following two responses by September 9, 2024: (a) Where there is only one defendant, or where there are multiple defendants, but no allegations of joint and several liability, and no possibility of inconsistent liability between defendants, Plaintiffs shall file a *motion for default final judgment* . . . [or] (b) Where there are multiple defendants and allegations of joint and several liability, or the possibility of inconsistent liability between defendants, Plaintiffs shall file a *notice of joint liability.*" ECF No. 41 at 1-2. Because there are multiple defendants here, and allegations of joint and several liability, Plaintiffs file this Notice of Joint Liability before filing a motion seeking a default final judgment against all Defendants.

1

Below, Plaintiffs "briefly describe the allegations and advise the Court of the status of the other defendants' liability." ECF No. 41 at 2.

**I.     Brief Description of Allegations**

Newlyweds Joshua Holt and Thamara Belen Caleño Candelo Holt ("Thamy Holt") were held in captivity for nearly two years by Defendants, all members of the Maduro Criminal Enterprise. Compl. at 1. Although the United States government does not recognize Nicolás Maduro and his regime as the legitimate government of Venezuela, *id.* ¶ 5, they exercise *de facto* control over Venezuela and run a criminal enterprise engaged in acts of criminality including narcoterrorism, torture, kidnapping and hostage holding, and money laundering, *id.* ¶¶ 1-4, 6-8. Just a couple weeks after Josh arrived in Venezuela and married Thamy, on June 30, 2016, the Maduro regime's secret police, the SEBIN, entered the Holts' home in Caracas, arrested them, and transported them to the El Helicoide prison, where they were held in squalid conditions and tortured until U.S. government officials intervened and secured their release on May 26, 2018. *Id.* ¶¶ 10-16. Josh and Thamy still suffer from anxiety disorders, insomnia, and depression caused by the trauma that they suffered in Venezuela. *Id.* ¶ 17. And not long after Josh arrived home, his mother, a previously healthy Laurie Holt, succumbed to the stress of the nearly two years' long high-stakes fight for his release and passed away from an enlarged heart at the age of 59. *Id.*

Plaintiffs are Josh Holt, both in his own right and in his personal capacity and as executor for Laurie Holt, his deceased mother; his spouse, Thamy Holt; his older brother, Derek Holt; his younger sisters, Katie Jill Holt and Jenna Lee Nemeth née Holt; his father, Anthony B. Jason Holt; and M.L. and N.C., the minor daughters of Thamy Holt. Compl. ¶¶ 19-26.

Defendants are Nicolas Maduro Moros ("Maduro"), the authoritarian strongman who exercises dictatorial power over Venezuela; the Cartel of the Suns, an unincorporated association

2

based in Venezuela engaged in a corrupt and violent narco-terrorism conspiracy and led by Maduro and other Defendants such as Vladimir Padrino Lopez, the U.S.-sanctioned *de facto* Minister of Defense of Venezuela; Maikel Jose Moreno Perez, a U.S.-indicted Justice (and formerly the Chief Justice) of the Venezuelan Supreme Court; Nestor Luis Reverol Torres, the U.S.-sanctioned and -indicted Venezuelan Minister of People's Power for Interior Relations and Justice and former head of Venezuela's equivalent of the DEA; Tarek William Saab, the U.S.-sanctioned *de facto* Attorney General of Venezuela; Jorge Jesus Rodriguez Gomez, the illegitimate president of Venezuela's National Assembly; Diosdado Cabello Rondón, a former captain in the Venezuelan Army that has been a leader of the Cartel of the Suns who served in various capacities in the Maduro Regime; and Alex Saab Moran, a U.S.-indicted money launderer for the Maduro regime. Compl. ¶¶ 27-36.

Plaintiffs bring seven counts against Defendants, all of whom are jointly and severally liable as members of the Maduro regime and Maduro Criminal Enterprise:

- Count I is a claim under the Federal Anti-Terrorism Act, 18 U.S.C. § 2333, for injuries Plaintiffs suffered because of Defendants' kidnapping, false imprisonment, and torture of Josh and Thamy Holt, an ordeal that among other things resulted in the death of Josh's mother, Laurie Holt. Compl. ¶¶ 235-52.

- Count II is a similar claim under the Florida Anti-Terrorism Act, Fla. Stat. § 772.13, for injuries Plaintiffs suffered because of Defendants' kidnapping, false imprisonment, and torture of Josh and Thamy Holt, which among other things resulted in the death of Laurie Holt. *Id.* ¶¶ 253-69.

- Count III is a claim of defamation *per se* by Plaintiff Josh Holt against Defendants the Maduro Criminal Enterprise published false statements about Josh on Venezuelan television that he was a "CIA agent" trying to overthrow the regime. *Id.* ¶¶ 270-75.

- Count IV is a conspiracy claim (asserted by all Plaintiffs) that Defendants engaged in various unlawful acts, including trafficking in narcotics, narco-terrorism and other terrorism (including kidnapping and torture) against the United States and its citizens, and money laundering. *Id.* ¶¶ 276-80.

- Count V is a claim of false imprisonment by Josh and Thamy Holt against Defendants for subjecting them to prolonged captivity and torture *Id.* ¶¶ 281-83.

- Count VI is a claim of intentional infliction of emotional distress for injuries Plaintiffs suffered because of Defendants' outrageous conduct designed to terrorize and intimidate innocent U.S. citizens. *Id.* ¶¶ 284-88.

- Count VII is a claim of wrongful death, Fla. Stat. § 768.16, that Josh Holt brings against Defendants as the personal representative of his deceased mother, Laurie Holt, for the benefit of her survivors, including himself, his father (Laurie's surviving spouse), and his brother and sisters (Laurie's other surviving children) for her early death as a result of the stress of her son's prolonged captivity. *Id.* ¶¶ 289-92

## II.   Status of Other Defendants' Liability

Here, "liability is resolved as to all defendants," ECF No. 41 at 2, and there is no "possibility of inconsistent liability between defendants," *id.* at 1. That is because all Defendants have been served as of August 1, 2024, ECF No. 37, all Defendants failed to respond, and thus the Court entered a clerk's default against all Defendants on August 23, 2024. ECF No. 40.

In these circumstances, nothing stands in the way of Plaintiffs filing a motion for default judgment against all Defendants and (if Defendants do not respond to that motion in the time prescribed) the Court entering a default judgment. The authorities this Court referenced in its August 26, 2024 Order (ECF No. 41) support that result, even when Plaintiffs seek joint and

4

several liability against Defendants. As this Court noted, one treatise expresses some hesitation toward proceeding to a default judgment when only some defendants have not defaulted. *See* 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2690 (4th ed. 2021) (discussing the "general rule" that, "when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted") (discussing *Frow v. De La Vega,* 82 U.S. 552, 554 (1872)). But that is not the case here. Rather, all Defendants have defaulted, and all Defendants are jointly and severally liable for their actions against Plaintiffs taken as part of the Maduro regime and Maduro Criminal Enterprise. There is no risk of any of these Defendants "prevail[ing] on the merits" here. *Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984).

Moreover, the progeny for Wright's "general rule" is far afield. In *Frow*, out of fourteen defendants, fully thirteen answered on the merits and just one (the petitioner) defaulted. *Frow*, 82 U.S. at 554-55. Only when confronted with that lopsided situation among defendants did the Court hold it inappropriate to issue a default judgment against the one defaulting plaintiff until after establishing liability for the others. *Id.* By contrast, when the numbers are not so lopsided, courts hold that *Frow* does not preclude entry of a judgment against defaulters even when some others defendants answer. *See, e.g.*, *In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1258 (7th Cir. 1980) ("We conclude that *Frow* does not preclude the entry of default judgment against a group of nine defaulters [out of twenty defendants] prior to adjudication on the merits as to the remaining defendants, where liability is joint and several.").

This case should proceed to default judgment proceedings. The deadline for Defendants to respond to the complaint expired on August 22, 2024, twenty-one days after Plaintiffs completed

service on the final individual Defendant. Fed. R. Civ. P. 12(a)(1)(A)(i); ECF No. 28. All Defendants then failed to timely "plead or otherwise defend" against Plaintiffs' claims. Fed. R. Civ. P. 55(a). Because all Defendants have failed to respond, there is no "possibility of inconsistent liability between defendants. ECF No. 41 at 1.

## CONCLUSION

The Court should proceed to briefing on Plaintiffs' motion for default judgment.

Respectfully submitted on
September 9, 2024.

*/s/ Jaime D. Guttman*
Jaime D. Guttman
Fla. Bar No. 44076
*jaime@scale.law*
Scale Law Partners, LLC
777 Brickell Avenue, Suite 500
Miami, FL 33131
(786) 273-9033 (Main)

*/s/ Alex C. Lakatos*
Alex C. Lakatos (*pro hac vice*)
*alakatos@mayerbrown.com*
Cloe M. Anderson (*pro hac vice*)
*cmanderson@mayerbrown.com*
Mayer Brown LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000 (Main)

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on September 9, 2024, I filed this paper through CM/ECF, which automatically and electronically delivered notice of filing to counsel of record for all parties that have appeared.

*/s/ Jaime D. Guttman*