UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-20701-CIV-ALTONAGA/Reid

**JOSHUA HOLT**, *et al.*,

    Plaintiffs,
v.

**NICOLAS MADURO MOROS**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court at an October 16, 2024 hearing [ECF No. 53], addressing Plaintiffs' Motion for Default Judgment [ECF No. 48].

As raised at the hearing, the Court is concerned the Southern District of Florida is not the most convenient forum to hear the case, because Plaintiffs all reside in Utah and Defendants are all foreign citizens. Indeed, Plaintiffs have already requested an extension to accommodate travel from Utah to Florida. (*See* Motion for . . . Extension of Time [ECF No. 51]). At the hearing, Plaintiffs conceded the case could have been brought in the District of Utah under the Anti-Terrorism Act (the "ATA"). *See* 18 U.S.C. § 2334 ("Any civil action under [the ATA] . . . may be instituted in the district court of the United States for any district where any plaintiff resides[.]" (alterations added)).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district [] where it might have been brought[.]" 28 U.S.C. § 1404(a) (alterations added). "Before transferring *sua* sponte under section 1404(a), [however,] the judge should [] issue an order to show cause why the case should not be transferred, and thereby

CASE NO. 24-20701-CIV-ALTONAGA/Reid

afford the parties an opportunity to state their reasons." *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (alterations added; citation and quotation marks omitted).

Accordingly, it is

**ORDERED** that by **October 25, 2024**, Plaintiffs shall show cause why the case should not be transferred to the District of Utah.

**DONE AND ORDERED** in Miami, Florida, this 16th day of October, 2024.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     counsel of record