UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-20701-CIV-ALTONAGA/Reid

**JOSHUA HOLT**, *et al.*,

    Plaintiffs,
v.

**NICOLAS MADURO MOROS**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court *sua sponte*. On October 16, 2024, the Court entered an Order [ECF No. 54] directing Plaintiffs, Joshua Holt, Thamara B Holt, Derek Holt, Anthony B. Jason Holt, Katie Jill Holt, Jenna Lee Nemeth, M.L. and N.C., to show cause why the case should not be transferred to the District of Utah. (*See id.* 2).[1] On October 21, 2024, Plaintiffs filed a Response. . . [ECF No. 55]. Plaintiffs state "they have not identified [] cause" "why this civil action should not be transferred to the United States District Court for the District of Utah." (*Id.* 1 (alteration added; citation omitted)).

Plaintiffs filed a Motion for Default Judgment [ECF No. 48] on October 2, 2024, after Defendants, Nicolas Maduro Moros, the Cartel of the Suns, Vladimir Padrino Lopez, Maikel Jose Moreno Perez, Nestor Luis Reverol Torres, Tarek William Saab, Jorge Jesus Rodriguez Gomez, Diosdado Cabello Rondón, and Alex Saab Moran failed to appear in this case. Plaintiffs, all Utah citizens, filed this action in the Southern District of Florida against Defendants, all foreign citizens. (*See generally* Compl. [ECF No. 1]). Plaintiffs allege claims related to acts of terrorism committed

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

in Venezuela, including various tort claims, Florida state-law claims, and a federal Anti-Terrorism Act claim.  (*See generally id.*).

The Court held a hearing [ECF No. 53] on the Motion to assure itself of its personal jurisdiction and venue, and to assess how to compute the requested damages.  (*See* Oct. 7, 2024 Order [ECF No. 49]).  Plaintiffs argue personal jurisdiction exists in this Court because "Defendants' entire terrorist operation was significantly funded by trafficking drugs . . . through Florida."  (Mot. 26 (alteration added; citation omitted)).  Further, they argue venue is proper because the "conspiracy to traffic narcotics pursuant to which the Holts were held captive," is a "substantial part of the events or omissions giving rise to Plaintiffs' claims[.]"  (*Id.* 29 (alteration added; citing 28 U.S.C. § 1391(b); quotation marks omitted)).

At the hearing, however, Plaintiffs conceded personal jurisdiction and venue exist in the District of Utah for Plaintiffs' sole federal claim, violation of the Anti-Terrorism Act, 18 U.S.C. section 2333.  *See* 18 U.S.C. § 2334 (explaining personal jurisdiction and venue for an Anti-Terrorism Act claim exists in "any district where any plaintiff resides or where any defendant resides or is served, or has an agent").

Regardless of whether personal jurisdiction and venue are proper in this District, the Court may *sua sponte* transfer a civil case to a different appropriate venue, "[f]or the convenience of parties and witnesses, in the interest of justice[.]"  28 U.S.C. § 1404(a) (alterations added); *see also Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987) ("The district court has broad discretion in deciding whether to order a transfer.").  "Courts engage in a two-step analysis under 28 U.S.C. [section] 1404(a) to determine the propriety of transfer to another district."  *Vivant Pharms., LLC v. Clinical Formula, LLC*, No. 10-21537-Civ, 2011 WL 1303218, at *6 (S.D. Fla. Mar. 31, 2011) (alteration added).  First, the court must determine whether the

action "could have been brought" in the other venue. *Id.* Here, Plaintiffs admit that the action could have been brought in Utah.

Second, the court must determine whether "convenience and the interest of justice" require transfer. *Id.* (citations omitted). To assess this second factor, courts consider the convenience of the parties and witnesses and ease of access to documents and proof. *See Steifel Lab'ys, Inc. v. Galderma Lab'ys, Inc.*, 588 F. Supp. 2d 1336, 1338 (S.D. Fla. 2008). As the undersigned explained at the hearing, the Court has concerns about entering a damages award of nearly $650 million without an evidentiary hearing proving the Plaintiffs' entitlement to that amount on the various claims presented. *See, e.g.*, *Goldman v. HSBC Bank USA, Nat'l Ass'n*, No. 13-81271-Civ, 2015 WL 1782241, at *1 (S.D. Fla. Mar. 24, 2015) (stating "a default does not in itself warrant entering a default judgment" (alteration adopted; quotation marks and citation omitted)); *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) (noting that under Federal Rule of Civil Procedure 55(b)(2), a district court may conduct an evidentiary hearing to determine the amount of damages).

Plaintiffs, all located in Utah, will have to travel to the Southern District of Florida for several days to participate in a damages trial. The District of Utah is a more convenient forum for Plaintiffs to prove damages. Indeed, Plaintiffs previously asked for an extension of time to "allow Plaintiffs to arrange childcare, leave from work, and travel from Utah to Florida to provide testimony of their personal experiences and injuries before the Court." (Mot. for Clarification or Alternatively an Extension of Time of Order Setting Hr'g (ECF 50) [ECF No. 51] 2). Plaintiffs seem to agree that Utah is the more convenient forum. (*See generally* Resp.).

The Court has "afford[ed] [Plaintiffs] an opportunity to state their reasons" why the case should not be transferred. *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (alterations

CASE NO. 24-20701-CIV-ALTONAGA/Reid

added; quotation marks and citation omitted); (*see generally* Oct. 16, 2024 Order).  Plaintiffs now agree the case should be transferred to the District of Utah.  (*See generally* Resp.).  Finding a transfer of venue to the District of Utah proper, convenient, and in the interest of justice, *see Vivant Pharms., LLC*, 2011 WL 1303218 at *6, it is

**ORDERED** that the Clerk is instructed to transfer this case to the United States District Court for the District of Utah and mark this case as **CLOSED** in this District.  Any pending motions shall be terminated on the docket in this District.

**DONE AND ORDERED** in Miami, Florida, this 21st day of October, 2024.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:    counsel of record